**Jawaid IQBAL, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General of the United States,[2] Respondent.**

**Nos. 07–1719–ag(L), 07–2926–ag(CON).**

United States Court of Appeals, Second Circuit.

July 1, 2009.

---

**2.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for the former Attorney General as respondent in this case. The Clerk of the Court is instructed to amend the caption accordingly.

Mehreen Shah, New York, N.Y., for Petitioner.

Justin R. Markel, Trial Attorney, Office of Immigration Litigation (Frances W. Fraser, on the brief), for Gregory G. Katsas, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges, and Hon. EDWARD R. KORMAN,[1] Judge.

### SUMMARY ORDER

Petitioner appeals the Board of Immigration Appeals's denial of his motion to remand. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

When there is a question of statutory rather than constitutional jurisdiction, we may assume hypothetical jurisdiction to hear a claim and then dispose of the claim on the merits if the result would be the same. *E.g., Conyers v. Rossides,* 558 F.3d 137, 150 (2d Cir.2009); *Ajlani v. Chertoff,* 545 F.3d 229, 237–38 (2d Cir.2008). Although the Government argues at length that 8 U.S.C. § 1252(a)(2)(B) denies us statutory jurisdiction to review the determinations of the BIA and the IJ in this case, we assume hypothetical jurisdiction and conclude that the BIA did not abuse its discretion in failing to grant Petitioner's motion to reopen the removal proceedings.

We review the BIA's denial of a motion to remand for consideration of new evidence for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156–57 (2d Cir.2005). The BIA did not abuse its discretion in denying the motion because there was no showing that new evidence was available, and because even if the Petitioner were to meet the technical prerequisites for adjustment of status "the movant would not be entitled to the discretionary grant of relief." *INS v. Abudu,* 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Especially in light of

1. The Honorable Edward R. Korman, United States Court for the Eastern District of New York, sitting by designation.

Petitioner's previous conviction for conspiracy to commit marriage fraud and the IJ's finding that Petitioner lied under oath about his involvement in his brother's fraudulent marriage and therefore did not have good moral character, we find no abuse of discretion here.

We have reviewed all of Petitioner's claims and find them meritless. Accordingly, the petition is DENIED.